IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAY JAMES,

    Plaintiff,

vs.                                      Case No. 4:14cv288-RH/CAS

WARDEN, TAYLOR C.I., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 5. This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

    Plaintiff continues to name the Warden of Taylor Correctional Institution, and the Secretary of the Department of Corrections as Defendants. Doc. 5 at 1-2. Plaintiff has also added two additional Defendants: Officer Corbett and Officer Keene. *Id.* at 2.[1] Plaintiff alleges that two boxes of his property were seized and confiscated on November 11, 2010, while Plaintiff was incarcerated at Taylor Correctional Institution.

---

[1] Plaintiff incorrectly alleges that he "has not paid filing fees for this case." Doc. 5, ¶5. That is false. Plaintiff is barred from proceeding with in forma pauperis status in this proceeding and paid the filing fee. *See* doc. 5 at 4; doc. 1.

Most of Plaintiff's allegations are conclusory and do not allege facts. For example, Plaintiff alleges that all four Defendants[2] "arbitrarily and unreasonably seized and interfered with items of Plaintiff's property." That is a conclusion but does not allege facts which show what each of the four Defendants allegedly did to seize Plaintiff's property, nor are facts presented which support Plaintiff's conclusion that Defendants acted unreasonably or arbitrarily. Plaintiff does not specifically allege what property was taken, how he learned of property being taken (i he was not present at the time), or explain the reason provided to him for taking his property. Plaintiff's allegations are not sufficient to state a claim as they are merely conclusory assertions.

Plaintiff alleged that he filed grievances to the Warden and the Secretary concerning his property. Doc. 5 at 5. Plaintiff alleges that those Defendants failed to correct the confiscation of Plaintiff's property. Plaintiff points to the exhibits provided with his complaint which reveal that the formal grievance was responded to by an acting warden and an assistant warden. Doc. 5, Ex. D-E (doc. 5 at 15-16); Ex. H-I (doc. 5 at 20-21). Plaintiff's appeal was responded to by S. Miliken, not the Secretary of the Department of Corrections. Doc. 5, Ex. F (doc. 5 at 17-18); Ex. J-K (doc. 5 at 22-24).

It also appears that Plaintiff's claims against the Warden and the Secretary are based on Plaintiff's claim that they did not provide relief to Plaintiff through the grievance procedures. Even assuming those two Defendants received and responded to Plaintiff's formal grievance and the grievance appeal, it is not a sufficient basis to state a claim

---

[2] Moreover, that fact assertion is presumptively not true because the Secretary of the Department of Corrections would not personally be involved in the seizure of an inmate's property at a correctional institution located miles away from the Department's headquarters.

against those supervisory officials.  "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person[3] does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."  Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).  For supervisory liability to exist under § 1983, a plaintiff must allege either personal participation by the supervisor or "a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing instances when a supervisor can be held liable under § 1983).  Because Plaintiff provides no facts which show any personal involvement by the Secretary or the warden, and there is no causal connection[4] alleged between those Defendants and the actions of Defendants Corbett or Keene, the complaint must be dismissed as to the Defendant Warden and the Defendant Secretary.

Plaintiff's amended complaint also makes the conclusory assertion that he has been treated differently than white inmates.  Doc. 5 at 7-8.  Plaintiff does not, however, identify any white inmates who were permitted to retain, or have property mailed out,

---

[3] "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.' "  Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994), quoted in Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).

[4] A causal connection may be shown if a plaintiff alleges a history of widespread abuse which gave the supervisor notice of the need for improved training or supervision, but the official failed to take corrective action.  Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985).

which was deemed contraband.  There are no factual allegations which demonstrate a basis for an equal protection claim.

Plaintiff also makes the conclusory assertion that "a meaningful post-deprivation remedy is unavailable to" him, but Plaintiff does not explain that statement, nor does he explain any effort made to seek post-deprivation remedies.  Plaintiff asserts that "[t]here exists no adequate post-deprivation state remedy," doc. 5 at 7, but that contention is not true.

> Florida has expressly waived state sovereign immunity for tort suits involving, inter alia, loss of property caused by state employees or agents acting within the scope of their employment.  *See* Fla. Stat. 768.28(1) (2008).  The district court thus did not abuse its discretion in determining that this relief qualifies as the type of "meaningful remedy" required under Hudson.

Weaver v. Geiger, 294 F.App'x. 529, 533 (11th Cir. 2008), *citing* Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984).

Plaintiff's case is based on his challenge to the confiscation of his property.  Doc. 5.  Plaintiff was previously advised that a prisoner may not seek relief through a § 1983 action to recover the loss of property.  If personal property of an inmate was taken and not returned because of a defendant's negligence, there can be no finding of an unconstitutional deprivation of property.  Daniels v. Williams, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d 662 (1986).  Here, Plaintiff makes the assertion that his property was wrongfully seized and, it will be presumed that Plaintiff intended to allege it was done intentionally.  Even if the deprivation of property is intentional, Plaintiff's claim is still foreclosed by clearly established law.

Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 1916-17, 68 L. Ed. 2d 420 (1981), "and its progeny hold that a deprivation of liberty or property is not cognizable under Section 1983 when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights."[5] Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir. 1989), *citing* Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted). Post-deprivation procedures satisfy due process for unauthorized deprivations by state actors, whether intentional or negligent, because the state cannot know in advance of the deprivation and therefore cannot provide pre-deprivation process. *Id.*, at 534, 104 S. Ct. at 3204.

As noted above, the State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1). The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.[6] Weaver, 294 F. App'x at 533. Plaintiff cannot state a plausible claim against Defendants Corbett and Keene for their confiscation of Plaintiff's property. *See* Lindsey v. Storey, 936 F.2d 554,

---

[5] This aspect of Parratt was not overruled by Daniels v. Williams, 474 U.S. 327 (1986).

[6] The undersigned issues no opinion on the timeliness of such a remedy at this juncture. *See* § 768.28(6)(a).

561 (11th Cir. 1991) (noting that retention of personal property is not a viable due process claim under Hudson "if a meaningful postdeprivation remedy for the loss is available."); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (holding that "a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  This case should be dismissed for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 21, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**