IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAY JAMES,

    Plaintiff,

v.                                                CASE NO. 4:14cv288-RH/CAS

WARDEN, TAYLOR C.I. et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 6, and the objections, ECF No. 9. I have reviewed *de novo* the issues raised by the objections.

The plaintiff Ray James asserts that correctional officers improperly took his personal property. If so, Florida law provides a remedy. A remedy is available regardless of whether the taking was negligent or intentional and regardless of whether Mr. James seeks a damages award or return of the property.

Mr. James says the statute cited in the report and recommendation, Florida Statutes § 768.68, applies only to negligence claims seeking damages. But an action under § 768.28 is not the only remedy for a state officer's improper acts. A

Case No. 4:14cv288-RH/CAS

Florida court can order the return of property wrongly taken by a state officer. Indeed, that is so even if the property was taken for use in a criminal prosecution. *See, e.g.*, *McKeever v. State*, 764 So. 2d 688 (Fla. 1st DCA 2000).

The availability of a state remedy defeats Mr. James's claim that taking the property was unconstitutional. *See Parratt v. Taylor*, 451 U.S. 527 (1981) (addressing a negligent taking); *Hudson v. Palmer*, 468 U.S. 517 (1984) (addressing an intentional taking). It would nonetheless be unconstitutional for officers to take property from some prisoners but not others based on race. But Mr. James has not adequately alleged that this is what happened.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on October 15, 2014.

                          s/Robert L. Hinkle  
                          United States District Judge